IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL CONTRERAS,

    Petitioner,

v.                                                                        1:20-cv-01347-RB-LF

TIMOTHY HATCH, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on petitioner Daniel Contreras' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] filed on December 23, 2020. Doc. 1. The Court ordered Respondents to file an answer. Doc. 3. Respondents filed their answer to the petition on July 28, 2022. Doc. 10. On June 2, 2022, Senior United States District Judge Robert Brack referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3), to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition. Doc. 4. Having considered the parties' submissions, the relevant law, and the record in this case, I conclude that Mr. Contreras included both exhausted and unexhausted claims in his federal habeas petition. Therefore, his application must be treated as a mixed petition. Mr. Contreras raises three claims in his federal habeas petition. The first claim—the only federal constitutional claim—is not exhausted. Claims two and three are exhausted, but

---

[1] Mr. Contreras filed his petition under the title "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." *See* Doc. 1. The Court, however, determined that his petition should be construed under 28 U.S.C. § 2241 because it attacks the execution of a sentence and the denial of parole. *See* Doc. 3 at 1 (citing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997)).

they are questions of state law that are not cognizable in a federal habeas action. I therefore recommend that the Court dismiss Mr. Contreras' petition without prejudice. Because I recommend that the Court dismiss Mr. Contreras' petition, I also recommend that the Court deny the pending motions to appoint counsel. Docs. 5, 11, 12.

## I. Procedural Background

On April 26, 2010, Daniel Contreras pled guilty to one count of criminal sexual contact of a minor (child under the age of 13), a third-degree felony, in violation of N.M. STAT. ANN. § 30-19-13(C)(1). Doc. 10-1 at 3–4. On July 22, 2010, the state district court sentenced Mr. Contreras to a total term of imprisonment of six years, with four years suspended, for an actual term of two years in custody, to be followed by five to twenty years on parole. *Id*. at 7, 9. On November 18, 2011, the state district court amended Mr. Contreras' judgment and sentence to reflect a revised parole period of five years to life. *Id.* at 12, 14.

Mr. Contreras was first paroled from the New Mexico Corrections Department on June 8, 2012. Doc. 10-1 at 41, 65. On August 29, 2012, his parole was revoked, and he was returned to custody on December 13, 2012. Doc. 10-1 at 41, 65, 67. On March 16, 2015, Mr. Contreras was again paroled. Doc. 10-1 at 41, 66. On September 23, 2015, he was returned to custody as a parole violator. Doc. 10-1 at 42, 66. On October 14, 2015, his parole was revoked. Doc. 10-1 at 41, 66.

Subsequently, Mr. Contreras and the New Mexico Parole Board disagreed about when Mr. Contreras was entitled to a parole hearing. The New Mexico statute governing parole of sex offenders states that "[w]hen a sex offender has served the initial five years of supervised parole, and at two and one-half year intervals thereafter, the board shall review the duration of the sex offender's supervised parole. At each review hearing, the attorney general shall bear the burden

of proving by clear and convincing evidence that the sex offender should remain on parole." N.M. STAT. ANN. § 31-21-10.1(C) (2007). Mr. Contreras—counting both the time he was in the community on parole, and the time he was incarcerated for parole violations as time he was "on parole"—calculated that he completed his initial five years of supervised parole on or about June 8, 2017. Doc. 10-1 at 42. Mr. Contreras contacted the New Mexico Parole Board to inquire as to why he had not received his five-year parole review, as required by § 31-21-10.1(C). Doc. 10-1 at 42, 69. The Parole Board advised Mr. Contreras that "[t]he five years is based on having five years in the community. Preliminary Violations are allowed and reviewed, however, a full revocation will result in your five years beginning again when you are re-paroled." Doc. 10-1 at 69. The dispute over what counts as time on supervised parole led Mr. Contreras to file a state habeas petition, a petition for writ of certiorari to the New Mexico Supreme Court, and the § 2241 petition pending before this Court.

### A. State Habeas Petition

On August 6, 2018, Mr. Contreras file a pro se petition for writ of habeas corpus in state district court. Doc. 10-1 at 17–28. Mr. Contreras was appointed habeas counsel, who filed an amended habeas petition on April 10, 2019. Doc. 10-1 at 39–51. The amended habeas petition raised three arguments:

   I.   The New Mexico Parole Board's failure to hold a parole release hearing violated the Fifth Amendment and the Fourteenth Amendment of the United States Constitution, and Article II, Section 14 of the New Mexico Constitution.

   II.  The state court erred in interpreting the meaning of the New Mexico Parole Statute, N.M. STAT. ANN. § 31.21.10.1(C).

   III. The state court erred by failing to apply the rule of lenity to the New Mexico Parole Statute, N.M. STAT. ANN. § 31.21.10.1(C).

Doc. 10-1 at 42–51.  On January 27, 2020, the state district court denied Mr. Contreras' habeas petition.  Doc. 10-1 at 106–07.

On February 19, 2020, Mr. Contreras filed a pro se petition to the New Mexico Supreme Court for a writ of certiorari, presenting the following four questions for review:

I.  Whether the district court erred in finding Petitioner has not established that he is eligible for a hearing to determine whether he should be discharged from parole supervision under Section 31-21-10(C) and 31-21-5(B).  *See* NMSA 1978 § 31-21-10-1(C) and § 31-21-5(B).

II.  Whether the district court erred in finding the language in Section 31-21-10.1(C) "[W]hen a sex offender has served the initial five years of supervised parole, and at two and one-half year intervals thereafter, the board shall review the duration of sex offender's supervised parole," to mean "release[d] to the community," of an institution by decision of the board and not by "operation of law."

III.  Whether the district court erred in finding that Petitioner's parole/probation violations make Petitioner ineligible for a review hearing to determine whether or not he should be discharged from parole supervision under Section 31-21-10(C).

IV.  Whether the district court erred in [ ] order[ing] Petitioner's Amended Petition for Writ of Habeas Corpus be summarily dismissed.

Doc. 10-1 at 108, 111.  On March 3, 2020, the New Mexico Supreme Court denied the petition for writ of certiorari.  *Id*. at 185.

### B.  Petitioner's Section 2241 Claims

Mr. Contreras filed his federal petition for habeas corpus relief under 28 U.S.C. § 2241 on December 23, 2020.  Doc. 1.  In his petition, Mr. Contreras asserts three grounds for relief: (1) The state parole board's failure to hold a parole hearing denied him due process and violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article II, Section 14 of the New Mexico State Constitution.  Doc. 1 at 5.  (2) Respondents' reading of the parole statute (N.M. STAT. ANN. 31-21-10.1(C)), whereby the term "the initial five

4

years of supervised parole[]" means five years while released to the community, "produces absurd results [that] frustrate [the] operation and goals of the [A]ct[]" because, among other things, under such a reading, "an inmate serving in-house parole would never be entitled to a hearing to review the duration of his parole." *Id*. at 5–6.  (3) Under the rule of lenity, any ambiguity existing in N.M. STAT. ANN. § 31-21-10.1(C) should be resolved in Mr. Contreras' favor. *Id*. at 6.

Respondents Timothy Hatch, Warden, and Hector Balderas, the Attorney General for the State of New Mexico, contend that Mr. Contreras has filed a mixed petition, containing both exhausted and unexhausted claims.  Doc. 10 at 1, 6–10.  Respondents ask the Court to address the merits of all of Mr. Contreras' claims—including those that he has not exhausted—because his unexhausted claim is "clearly meritless." *Id*. at 9–10.  I agree that Mr. Contreras has filed a mixed petition.  However, I do not recommend that the Court address Mr. Contreras' unexhausted claim.  Instead, I recommend that the Court dismiss the mixed petition without prejudice because his constitutional claim is not exhausted, and his exhausted claims are not cognizable in a federal habeas proceeding.

II. **Exhaustion of State Court Remedies**

A state prisoner generally must exhaust available state court remedies before a federal court can consider the prisoner's habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court.").  The exhaustion requirement applies to petitions under 28 U.S.C. § 2241, just as it applies to petitions under 28 U.S.C. § 2254.  *See Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000).

"The [exhaustion] doctrine reflects the policies of comity and federalism between the state and federal governments, a recognition that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997) (citations and quotation omitted). A federal issue is exhausted if it "has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). In addition, the petitioner must "fairly present his or her claims to the state courts before a federal court will examine them," which means that the "substance of the claim" must have been raised before the state court either on appeal or in post-conviction proceedings. *Id*.; *Demarest*, 130 F.3d at 932 (citation and quotation omitted). While a petitioner may present "bits of evidence" to a federal court that were not presented to the state court, "evidence that places the claims in a significantly different legal posture must first be presented to the state courts." *Demarest*, 130 F.3d at 932 (citation and quotation omitted). The exhaustion requirement applies to both unexhausted claims and portions of claims. *Jernigan v. Jaramillo*, 436 F. App'x 852, 855–56 (10th Cir. 2011) (unpublished).

Habeas petitions that contain both exhausted and unexhausted claims are called "mixed" petitions. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). Mr. Contreras has filed a mixed petition, as explained more fully below.

### A. Mr. Contreras' Ground One is not exhausted.

In Ground One, Mr. Contreras argues that the state parole board's failure to hold a parole hearing denied him due process and violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution. Doc. 1 at 5. However, Mr. Contreras did not exhaust this claim because he did not present it to the highest state court. *See Dever*, 36 F.3d at

1534 (federal issue is exhausted only if it "has been properly presented to the highest state court"). This issue was raised in his habeas petition to the state district court: there Mr. Contreras argued that "[t]he New Mexico Parole Board's failure to hold a parole release hearing violated the Fifth Amendment and the Fourteenth Amendment of the United States Constitution." Doc. 10-1 at 42–48. But Mr. Contreras did not raise any claim of federal constitutional violations in his petition to the New Mexico Supreme Court. *See* Doc. 10-1 at 108–18. Respondents correctly point out that "[n]ot one of Mr. Contreras' questions presented made any mention of or reference to the Fifth Amendment; the Fourteenth Amendment; a protected liberty interest; a legitimate expectation of a review hearing; or due process generally. The body of the petition similarly lacks any indication that Mr. Contreras sought to raise a federal constitutional claim." Doc. 10 at 8 (internal citations omitted). Indeed, nothing in Mr. Contreras' petition for writ of certiorari alerted the New Mexico Supreme Court that he was raising a federal constitutional claim. Thus, Mr. Contreras did not exhaust Ground One of his federal habeas petition.

### B. Mr. Contreras' Ground Two is exhausted but is not cognizable in a federal habeas proceeding.

In Ground Two, Mr. Contreras argues that the respondents' "interpretation of the parole statute [N.M. STAT. ANN. § 31-21-10.1] produces an unconstitutional, absurd, or unachievable result." Doc. 1 at 5. Specifically, he argues that the Parole Board erred in determining that he is not entitled to a parole hearing because he has not served five years of supervised parole "in the community." *Id*. at 5–6. Mr. Contreras argues that in-house parole should count as part of the "five years of supervised parole" that triggers his right to a parole hearing. *Id*. Mr. Contreras exhausted this issue by presenting it in his petition to the New Mexico Supreme Court. *See* Doc. 10-1 at 112–15.

7

Respondents argue that Mr. Contreras is challenging the "state courts' interpretation of a state statute," and that this ground "is not cognizable in a federal habeas proceeding." Doc. 10 at 14–15. The Court agrees with respondents. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Denney v. Roberts,* 196 F. App'x 713, 715 (10th Cir. 2006) (unpublished) (finding § 2241 petitioner's challenges to interpretations of state law by state court "not cognizable on federal habeas review"). When a habeas petitioner challenges state-court statutory interpretation, the federal habeas court is "bound to accept the [state courts'] construction of that State's statutes." *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *see also Chapman v. Tim LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) (state court's interpretation of state statutes "is a matter of state law binding on [the federal habeas] court.").[2]

Ground Two is not cognizable in a federal habeas petition. I therefore recommend that it be dismissed without prejudice.

### C. Mr. Contreras' Ground Three is exhausted but is not cognizable in a federal habeas proceeding.

In Ground Three, Mr. Contreras argues that the rule of lenity requires "any ambiguity in the way to apply the parole statute should be resolved in [his] favor." Doc. 1 at 6. Mr. Contreras

---

[2] The Court notes that on September 29, 2022, the New Mexico Supreme Court issued a decision in *State of New Mexico v. Thompson* (S-1-SC-38376, 2022 WL 4545179). *See* Doc. 14-1. There, the New Mexico Supreme Court held that "the term 'initial five years of supervised parole' in Section 31-21-10.1 (B) (2004) includes all time served during the parole sentence, whether in prison as contemplated by Section 31-21-10(D) (2005), a rehabilitative institution pursuant to Section 31-21-11, or the community as set forth in Section 31-21-5(8 )." *Id*. at 20. The *Thompson* decision dealt with N.M. STAT. ANN. § 31-21-10.1 (B) (2004), which was later amended and recompiled as 31-21-10.1(C) in 2007. The *Thompson* court did not opine whether this interpretation applied to the 2007 version of the statute, which is at issue in Mr. Contreras' case. Respondents' Notice of Supplemental Authority (Doc. 14) also does not explain how the *Thompson* decision impacts the 2007 version of the statute. This Court need not resolve this question, however, as the state's interpretation of a state statute is beyond the purview of this court on habeas review.

exhausted this issue by presenting it in his petition to the New Mexico Supreme Court. *See* Doc. 10-1 at 117. Mr. Contreras, however, is once again challenging the state court's interpretation of a state statute, and this ground is not cognizable in a federal habeas proceeding. *See discussion above*. "[A] state petitioner is not entitled to federal habeas relief on the ground that a state court failed to apply or misapplied the rule of lenity." *Pal v. Kemper*, 2019 WL 13187885, at *4 (E.D. Wis. Jan. 16, 2019) (unpublished) (collecting cases). "[T]he rule of lenity is merely a canon of statutory interpretation and 'nothing in the federal constitution requires a state court to apply the rule of lenity when interpreting a state statute.'" *Featherkile v. Warden*, 2010 WL 546118, at *16 (S.D. Ohio Feb. 12, 2010) (unpublished) (quoting *Bowen v. Romanowski*, 2005 WL 1838329, at *2). Moreover, a state's highest court is "is the authoritative interpreter" of that state's statutes. *See Sabetti v. Dipaolo*, 16 F.3d 16, 19 (1st Cir. 1994). Thus, this Court has no power to apply the "rule of lenity" to grant Mr. Contreras habeas relief.

Ground Three is not cognizable in a federal habeas petition. I therefore recommend that it be dismissed without prejudice.

### III. Mixed Petition

As discussed above, Mr. Contreras has filed a mixed petition containing both exhausted and unexhausted claims. This Court has limited options when presented with a mixed petition:

> (1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . .

*Fairchild v. Workman,* 579 F.3d 1134, 1156 (10th Cir. 2009) (internal citations omitted); *see also Gray v. Gray,* 645 F. App'x 624, 625 (10th Cir. 2016) (unpublished) (applying same options to a petition under 28 U.S.C. § 2241).

Respondents ask the Court to select the fourth option, i.e., to ignore the exhaustion requirement altogether and deny the petition on the merits. Doc. 10 at 10. However, the Court declines to reach Mr. Contreras' claims of constitutional violations that were not exhausted through the state courts. *See Demarest,* 130 F.3d at 932 ("[I]t would be unseemly" for a federal court to decide an issue without first allowing the state courts "an opportunity . . . to correct a constitutional violation.").

Similarly, the "stay and abeyance" mechanism is not appropriate in this case. This method is only available if petitioner can: (1) show good cause for failing to exhaust his claim in state court; and (2) show that his unexhausted claim is not "plainly meritless." *Rhines*, 544 U.S. at 277. Mr. Contreras has presented no argument that there is "good cause" to excuse his failure to present his unexhausted claim to the state court, and nothing in the pleadings before the Court points to the existence of the requisite good cause. Finally, the Court cannot allow Mr. Contreras to dismiss his unexhausted claim and proceed with his exhausted claims because the exhausted claims are not cognizable in a federal habeas action. Therefore, I recommend that the Court dismiss Mr. Contreras's mixed petition in its entirety.

## V.   Motions to Appoint Counsel

Also pending before the Court are three motions to appoint counsel—two filed by Mr. Contreras, and one filed by the Federal Public Defender's office. Docs. 5, 11, 12. Because I recommend that the Court dismiss Mr. Contreras' petition without prejudice, I recommend that it also deny the motions to appoint counsel.

## VI.   Certificate of Appealability

Lastly, I address whether Mr. Contreras is entitled to a certificate of appealability. No appeal may be taken from a "final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court" unless the petitioner first obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) applies to "challenges related to the incidents and circumstances of any detention pursuant to state court process under § 2241"). A certificate of appealability may issue only if Mr. Contreras "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As set forth above, I find that Mr. Contreras has failed to make this showing because he has failed to exhaust his constitutional claim. Therefore, Mr. Contreras is not entitled to a certificate of appealability.

## RECOMMENDED DISPOSITION

For the reasons discussed above, I recommend that the Court dismiss Mr. Contreras' petition in its entirety without prejudice. I also recommend that the Court deny the three pending motions to appoint counsel.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, **73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

---

_____
Laura Fashing
United States Magistrate Judge