IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL CONTRERAS,

    Petitioner,

v.                                                                                                              1:20-cv-01347-RB-LF

TIMOTHY HATCH, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition (PFRD) (Doc. 15), petitioner Daniel Contreras's objections to the PFRD (Doc. 16), and respondents' response to the objections (Doc. 18). Having reviewed this case, the Court overrules Contreras's objections, adopts the magistrate judge's recommendations, and dismisses Contreras's petition without prejudice.

**I.**    **Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* Fed. R. Civ. P. 72(b)(3). To preserve an issue for de novo review, however, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "[O]nly an objection that is sufficiently specific to focus the district court's attention

on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act . . . ." *Id*. "Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." *Id*. (internal citation omitted).

## II.  Discussion

Judge Fashing found that Contreras had included both exhausted and unexhausted claims in his federal habeas petition. (Doc. 15 at 9–10.) The magistrate judge found that Contreras's first claim, in which he argued that the state parole board's failure to hold a parole hearing denied him due process and violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution, was not properly exhausted. (*Id*. at 5–6.) She found that his second claim, in which he challenged the interpretation of the New Mexico parole statute (N.M. STAT. ANN. § 31-21-10.1), was not cognizable in a federal habeas proceeding. (*Id*. at 7–8.) Finally, she found that his third claim, in which he argued that the rule of lenity should be applied to the New Mexico parole statute, was not cognizable in a federal habeas proceeding. (*Id*. at 8–9.) Because Contreras had not exhausted his federal constitutional claim—the only claim that was cognizable in a federal habeas action—the magistrate judge recommended dismissing Contreras's petition in its entirety. (*Id*. at 10–11.)

In his objections, Contreras asks the Court to reject the magistrate judge's PFRD "due to new evidence" supporting his case. (Doc. 16 at 1.) Contreras claims the "new evidence" is the New Mexico Supreme Court decision in *State of New Mexico v. Thompson*, S-1-SC-38376, 2022 WL 4545179 (N.M. Sept. 29, 2022). (*See id*.) The magistrate judge already considered this decision in connection with Contreras's second claim. (*See* Doc. 15 at 8 n.2.) As Judge Fashing explained, *Thompson* is only potentially relevant to Contreras's claims that challenge the state

court's interpretation of the New Mexico parole statute. (*See id.*) Because these claims are not cognizable in a federal habeas proceeding, *Thompson* has no bearing on Contreras's federal habeas petition. (*See id.*) As respondents point out, Contreras "fails to specify what he finds erroneous or even disagreeable about the Magistrate Judge's consideration of *Thompson*." (Doc. 18 at 2.) Contreras does not object to any specific findings or recommendations in the magistrate judge's PFRD. His objections are, therefore, insufficient to preserve any issues for de novo review.

**IT IS THEREFORE ORDERED** that Contreras's objections (Doc. 16) are overruled and the PFRD (Doc. 15) is **ADOPTED** by the Court.

1. Contreras's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **dismissed without prejudice**.
2. Contreras is not entitled to a certificate of appealability.
3. All pending motions to appoint counsel (Docs. 5, 11, 12, 17[1]) are **DENIED**.

IT IS SO ORDERED.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[1] Contreras filed a fourth motion to appoint counsel after the magistrate judge issued her PFRD. *See* Doc. 17. Because the Court is dismissing the petition, the Court denies this fourth motion to appoint counsel, as well as the previous three.